

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

TIMOTHY ANDREW WATKINS,

                        Petitioner,

v.

UNITED STATES OF AMERICA.

Criminal Action No. 3:09-CR-407-1
Civil Action No. 11-CV-686

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Timothy Andrew Watkins's ("Watkins") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for Writ of Habeas Corpus ("§ 2255 Motion") (ECF No. 75). For the reasons below, the Court will DENY the Motion and DENY a Certificate of Appealability.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2009, officers with the Henrico County Police Department observed an automobile occupied by Watkins enter the parking lot located at 550 East Laburnum Avenue in Henrico County, Virginia. Officers approached the vehicle, identified themselves as police officers, and asked Watkins to show his hands. Watkins made several movements between the armrest and his seat before complying with the officer's request. Watkins was removed from the vehicle. As the officer opened the door, the officer observed, in plain view, a quantity of United States currency and a plastic bag containing suspected cocaine base. Watkins was then placed in investigative detention.

Thereafter, pursuant to a canine alert on the automobile, registered to Watkins, officers searched said vehicle and located an amount of suspected cocaine base. A further search of the vehicle revealed a loaded .40 caliber Taurus semi-automatic pistol, serial number SAR08671, in the trunk of the vehicle. The suspected narcotics were forwarded to the Virginia Division of Forensic Science for analysis and consisted of 13.503 grams of cocaine base.

Watkins was indicted on one count of Conspiracy to Distribute and Possess With the Intent to Distribute Cocaine Base and one count of Possession of a Firearm in Furtherance of Drug Trafficking Offense on November 17, 2009. On March 11, 2010, before Magistrate Judge Dennis W. Dohnal, Watkins pled guilty to conspiracy to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846. During the plea hearing, Watkins was represented by John Walter Luxton. The following discussions took place during the Rule 11 plea hearing:

> THE COURT: Mr. Watkins, you are not compelled to sign it, but I want to make sure you understand what you are doing.
> THE DEFENDANT: Yeah, I'm going to sign it, Judge. I want to make an argument which it seems like I can't make.
> THE COURT: I'm not understanding you.
> THE DEFENDANT: I said I'm signing the paper feeling like there is an argument I want to make in the situation on my case that I feel like I can't make. If I don't --
> THE COURT: I'm going to be asking you a number of questions to make sure you understand what you are doing. And you may be foreclosed, you may be -- may not be able to make those arguments. I don't know what you are talking about.
> THE DEFENDANT: All right.
> THE COURT: All right. In any event, I understand that the matter is scheduled for an anticipated plea of guilty to Count One of the pending indictment pursuant to written Plea Agreement. Mr. Watkins, you had some question about the plea agreement or some portion about the Sentencing Guidelines or what?
> THE DEFENDANT: Yes, sir.
> THE COURT: Which?
> THE DEFENDANT: Plea Agreement.
> THE COURT: Plea Agreement?
> THE DEFENDANT: Uh-huh.
> THE COURT: Let's just cut right to it. What part of the plea agreement are you having difficulty with?
> THE DEFENDANT: It is the enhancement.
> THE COURT: The enhancement?
> THE DEFENDANT: Yes, sir.
> MR. YOUNG: In the Statement of Facts, at the end where the government and defendant agree that he will receive a two-point enhancement for the firearm that was recovered in the matter.
> THE COURT: All right.
> MR. YOUNG: And that was in a negotiated plea to remove a 924(c) which, as you know, is a five-year mandatory minimum consecutive to any sentence he would get in the drug case.

> THE COURT: All right. If in fact you sign that Statement of Facts, Mr. Watkins, you are not going to be able to argue later in all likelihood that that is not the case. So I understand from Mr. Young, which I accept of course entirely, that that was the reason in part at least why the government reduced the charge and changed the charge pursuant to discussions with Mr. Luxton, your attorney. Now, you either sign the Plea Agreement and the Statement of Facts and agree to that now or we will simply reset the matter for trial. Do you want to have an opportunity to talk to Mr. Luxton some more?
> THE DEFENDANT: (Inaudible.)
> THE COURT: So what do you want to do?
> MR. LUXTON: He signed the agreement.
> THE COURT: I want you to understand, Mr. Watkins, you sign the agreement and Statement of Facts, that stays the way it is with the enhancement. Do you understand that?
> THE DEFENDANT: Yes, sir.

(Plea Hr'g Tr. 3:2-5:12). Later, the magistrate judge again confirmed that Watkins understood the rights that he was giving up by entering into a plea and asked him if he was satisfied with his representation:

> THE CLERK: I ask you now, sir, what is your plea, guilty or not guilty, as to Count One of the indictment?
> THE DEFENDANT: Guilty.
> THE COURT: All right, sir, I have a copy of that written Statement of Facts which is there before you. Have you signed it, having read it and discussed it with Mr. Luxton, and do you agree with the truth of the matters set forth therein?
> THE DEFENDANT: Yes, sir.
> THE COURT: And that includes that Paragraph 5 in terms of that enhancement; do you understand that?
> THE DEFENDANT: Yes, sir.
> . . . .
> [THE COURT:] Okay. Are you entirely satisfied with the services that Mr. Luxton has provided you, that is, has he answered all your questions and otherwise given you enough information for you to make up your own mind as to what to do?
> [THE DEFENDANT:] Yes, sir.
> . . . .
> THE COURT: And also as indicated, a two-point enhancement pursuant to the Guidelines for the firearm found in the trunk. Understood? Understood?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right, sir. Mr. Watkins, I'm satisfied from the answers to my various questions that the plea you entered after full discussion was freely and voluntarily entered with a full awareness of possible consequences, and I'm satisfied from the Statement of Facts that you have verified as containing true information and voiced your agreement, that the government could prove the

> charge if the matter had proceeded to trial. But as I told you I would at the beginning of this hearing, I give you this final opportunity to change your mind. If you wish to withdraw that plea of guilty that you entered for any reason whatsoever, I will allow you to do so now without any further questions being asked. Do you wish to withdraw your plea of guilty or do you wish to keep it?
> THE DEFENDANT: Keep it.

(Plea Hr'g Tr. 12:13-18, 18:15-19:2, 20:3-23).

Watkins's pre-amendment base total offense level was 23 and his criminal history category was a V, yielding a sentencing guideline range of 84-105 months imprisonment. On July 20, 2010, this Court sentenced defendant to 72 months' imprisonment after applying a 12-month downward variance to his sentencing guideline range.

Watkins filed a notice of appeal on August 20, 2010. During his appeal, Watkins was represented by Charles De Mon Lewis. On January 18, 2011, the Fourth Circuit, by order, held that Watkins knowingly and voluntarily waived his right to appeal and granted the Government's motion to dismiss. The Fourth Circuit's mandate took effect on February 9, 2011.

## LEGAL STANDARDS

### I. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence if: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A claim that does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a miscarriage of justice. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). To show that a denial of a § 2255 motion would result in a miscarriage

of justice, the petitioner must show actual innocence by clear and convincing evidence. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

## II. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims under the Sixth Amendment are examined under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed under *Strickland*, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness and (2) he suffered actual prejudice. *Id.* at 687. The first *Strickland* prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991).

The second prong of *Strickland* requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

## III. Procedural Default

A petitioner who has procedurally defaulted a claim by failing to raise it on direct review can only raise the claim collaterally if the petitioner can first demonstrate either "cause" and

actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

## DISCUSSION

Watkins proffers five main arguments in support of his § 2255 Motion. First, Watkins argues that the Court was without jurisdiction to convict and sentence him because it failed to strictly comply with the mandate of the Speedy Trial Act. 18. U.S.C. § 3161(b). Second, Watkins argues that he entered into his plea in an involuntary, unknowing, and unintelligent manner because he did not have the advice of competent counsel. Third, Watkins argues that he received ineffective assistance from his trial counsel because his trial counsel advised him to plead guilty to a two-level enhancement for a firearm and subsequently failed to seek a withdrawal of his plea. Fourth, Watkins contends that his appellate counsel rendered ineffective assistance an on appeal by failing to move for a withdrawal of his plea. Fifth, Watkins argues that both his trial and appellate counsel ineffectively assisted him by failing to bring a motion related to the Government's purported failure to comply with the Speedy Trial Act. Moreover, Watkins requests an evidentiary hearing in this matter.

### I.  Whether Watkins Entered into a Plea Agreement Voluntarily

Watkins contends that he did not enter into his plea voluntarily and, thus, should not be subject to the appeal waiver therein. On direct appeal, the Fourth Circuit held that Watkins knowingly and voluntarily waived his right to appeal. The Fourth Circuit has held that defendants are not "allowed to recast, under the guise of collateral attack, questions fully considered" by the court on direct appeal. *Boeckenhaupt v. United States,* 537 F.2d 1182, 1183 (4th Cir. 1976). Based on the information from the Fourth Circuit's order in Petitioner's appeal and from Watkins's own filings, it is clear that the claim Watkins raised on direct appeal was substantially the same as the claim he presently raises in his § 2255 Petition. Therefore, pursuant to *Boeckenhaupt,* the question of whether Watkins entered into his plea has been fully

considered by the Fourth Circuit, and Watkins is barred from attempting to relitigate the claim under the guise of a 28 U.S.C. § 2255 petition.

## II. The Court's Jurisdiction and the Speedy Trial Act

While Watkins is not precluded from bringing this § 2255 Motion, he is precluded from raising claims that are barred by the plea agreement that he voluntarily entered into. Because Watkins knowingly and voluntarily waived his right to appeal a sentence within the statutory maximum, he is precluded from bringing this claim.

## III. Ineffective Assistance of Counsel Regarding the Speedy Trial Act

Neither Watkins's trial counsel nor appellate counsel could have performed below an objective standard of reasonableness in failing to move for a dismissal of Watkins case pursuant to a violation of the Speedy Trial Act in light of the fact that Watkins voluntarily entered into a plea agreement that precluded such a claim. Counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

## IV. Ineffective Assistance of Counsel During the Plea Hearing

A claim for ineffective assistance of counsel is properly "raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." *See United States v. King,* 119 F.3d 290, 295 (4th Cir. 1997) (quoting *United States v. Williams,* 977 F.2d 866, 871 (4th Cir. 1992)). Such a rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. *See United States v. Baptiste,* 596 F.3d 214, 216 n.1 (4th Cir. 2010) (quoting *Massaro v. United States,* 538 U.S. 500, 504–06 (2003)) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance because the trial record is 'often incomplete or inadequate for [addressing such claims on direct review,]' thereby risking the failure of '[e]ven meritorious claims.'") (alterations in original).

//

### A. Ineffective Assistance Regarding Entering Into the Plea

Watkins argues that his trial counsel was ineffective because he did not advise Watkins that there was a legitimate argument that the two level firearm enhancement should not have been applied because the Government could not show that the relevant gun was anywhere near the drug transaction. "[I]t is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo." *Libretti v. United States*, 516 U.S. 29, 50-51 (1995). However, Watkins cannot show prejudice pursuant to *Strickland* because the magistrate judge explicitly explained that the enhancement was contemplated by the plea agreement.

Before accepting the plea agreement, the magistrate judge explained that the statement of facts included a two point enhancement for the firearm found in the trunk of the car. Moreover, Watkins was advised that the Government carried the burden of proving the relevant enhancement by a preponderance of the evidence otherwise. (*See* Plea Hr'g Tr. 11:12-12:12). As such, "any misinformation [the petitioner] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [the petitioner] was not prejudiced." *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1988). Moreover, Watkins has not met his burden show that his counsel was ineffective. Watkins expressly stated that he was satisfied with the services of his trial counsel, indicating that his counsel had answered all of his questions and provided enough information for him to make up his own mind as to whether to enter into the plea. (Plea Hr'g Tr. 12:13-18). As such, Watkins cannot meet the prejudice or performance prongs of *Strickland*.

The Court finds that the record is sufficient to resolve this claim and that no evidentiary hearing is necessary. *See Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy).

//

### B. Ineffective Assistance Regarding Failure to Withdraw the Plea

Watkins contends that his trial counsel was ineffective because his counsel failed to seek withdrawal of his guilty plea prior to sentencing. "Once a trial court properly conducts a Rule 11 colloquy and finds that the plea was freely and intelligently entered, absent compelling reasons to the contrary, the validity of the plea and a defendant's corresponding guilt are deemed to be conclusively established." *Trujillo-Gudino v. United States*, No. 3:07CV463, 2010 WL 3212028, at *3 (W.D.N.C. Aug. 12, 2010) (citing *Via v. Superintendent, Powhatan Correctional Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981)); *see also Fields v. Attorney General of State of Maryland*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy").

The magistrate judge conducted an extensive plea colloquy discussing the sentencing enhancement at issue. Watkins was repeatedly advised of the fact that he was giving up his right to challenge the sentencing enhancement by entering into a plea. He then entered into the plea knowingly and voluntarily. Once Watkins entered into the plea agreement, he was bound by the representations he made under oath. For this reason, Watkins has not met his burden to show that his trial counsel failed in any respect to investigate or advocate on his behalf with regard to his belated wish to withdraw his plea. Because Watkins cannot show deficient performance, this Court need not reach the issue of prejudice in dismissing his ineffective assistance claim. *See Strickland*, 466 U.S. at 700. In any event, Watkins cannot meet the prejudice prong of *Strickland* because he has not shown any "fair and just" reason to justify withdrawing his plea pursuant to Federal Rule Criminal Procedure 11(d)(2)(B), so there is no reasonable probability that the outcome of the proceeding would have been different had such a motion been made.[1] The Court finds that the record is sufficient to resolve this claim and that no evidentiary hearing is necessary.

//

---

[1] None of the six factors detailed in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), weigh in favor of allowing withdrawal of Petitioner's plea.

## V. Ineffective Assistance of Counsel During Watkins's Appeal

Watkins contends that his appellate counsel was ineffective because he failed to seek withdrawal of his guilty plea on appeal. Watkins's claim that his appellate counsel was ineffective fails in light of the above reasoning. Watkins's appellate counsel's apparent decision not to argue for withdrawal of Watkins's plea on appeal cannot have fallen below reasonable standards of representation because it is highly unlikely that Watkins's counsel could have shown plain error. *See United States v. Vonn*, 535 U.S. 55, 58 (2002) (noting that an unobjected-to error in guilty plea subject to review for plain error); *see also Bolender*, 16 F.3d at 1573 (stating that it is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel). Thus, Watkins is not entitled to an evidentiary hearing on this claim.

### CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a Certificate of Appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. A Certificate of Appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Supreme Court has held "a claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). For the reasons stated fully above, no law or evidence suggests that Watkins has satisfied § 2253(c) such that he is entitled to further consideration of his claims. Accordingly, the Court will DENY a Certificate of Appealability.

//

//

## CONCLUSION

For the reasons above, the Court will DENY the § 2255 Motion and DENY a Certificate of Appealability. The Court finds that no hearing is necessary, as the record is sufficient to resolve this matter. Therefore, the Court will DENY Watkins's request for a hearing.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

> /s/
> **James R. Spencer**
> Senior U. S. District Judge

ENTERED this 9th day of September 2014.

11